IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATYA DEVI JAGAR,<br><br>    Plaintiff,<br><br>  v.<br><br>JUANITA JAGAR, et al.,<br><br>    Defendants.<br>_____/<br>AND RELATED COUNTERCLAIM<br>_____/ | No. C-09-01455 EDL<br><br>**ORDER GRANTING IN THE ALTERNATIVE DEFENDANT BARKER BLUE'S MOTION FOR LEAVE TO DEPOSIT FUNDS OR FOR AN ORDER REQUIRING PAYMENT OF FUNDS TO PLAINTIFF** |

Plaintiff Satya Devi Jagar brought this action seeking a judicial determination regarding entitlement to the proceeds of decedent Pyara Jagar's 401(k) plan, which is administered by Defendant Barker Blue Digital Imaging, Inc. 401(k) Plan ("The Plan") and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101, et seq. On November 23, 2009, the Court granted the Plan's motion to dismiss the cross-complaints of Juanita Jagar, Vijay Jagar, Rajesh Jagar and Dinesh Jagar on the grounds that the claims in the cross-complaints were preempted by ERISA. In that Order, the Court also granted Plaintiff's motion for summary judgment, affirming the Plan Trustee's May 5, 2009 decision that Plaintiff is entitled to the Plan proceeds. The Jagar Defendants have appealed the Court's November 23, 2009 decision, but did not post a bond or seek a stay of the Court's decision.

On February 2, 2010, the Plan filed a Motion for Leave to Deposit Funds, seeking to deposit the Plan proceeds with the Court on the ground that it may be at risk for double liability if the Jagar Defendants are successful in their appeal and are unable to recover from Plaintiff any Plan proceeds

that may have been previously been paid to her. Alternatively, the Plan seeks an order requiring it to pay the Plan proceeds to Plaintiff in accordance with the Court's November 23, 2009 decision. Plaintiff opposes the motion, arguing essentially that the motion is unnecessary because funds paid to the Court would be automtically disbursed to Plaintiff pursuant to 28 U.S.C. § 2041 and the Court's November 23, 2009 Order.[1]

This matter is appropriate for decision without oral argument. Therefore, the March 16, 2010 hearing is vacated. For the reasons stated in this Order, the Plan's motion is granted in part, and the Plan is ordered to pay the Plan proceeds to Plaintiff.

The Plan relies on Federal Rule of Civil Procedure 67 to support its argument that the Plan proceeds should be deposited with the Court:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party--on notice to every other party and by leave of court--may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67. "The core purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto." Alstom Caribe, Inc. v. George P. Reintjes Co., Inc., 484 F.3d 106, 113 (1st Cir. 2007) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2991 (2d ed. 1997)). "It follows logically that a district court should not grant a Rule 67 motion unless the question of entitlement is genuinely in dispute." See Alstom, 484 F.3d at 113. "Moreover, the entitlement dispute must be live; that is, the dispute must be extant at the time the court is asked to grant the Rule 67 motion." Id.

Even if there is a live dispute in this case, the Court declines to permit the Plan to deposit the funds with the Court. This case is not like United States Overseas Airlines v. Compania Aerea Viajas Expresos de Venezuela, 161 F. Supp. 513 (S.D. N.Y. 1958), on which the Plan relies. There, judgment was entered in favor of an individual and a corporate defendant and against the plaintiff, execution of the judgment was stayed pending appeal and a bond was posted. Meanwhile, in a

---

[1] 28 U.S.C. § 2041, however, does not necessarily provide for automatic disbursement of money paid into the Court.

2

separate state court action brought by another plaintiff, the state court issued a writ of attachment attaching all property in which the individual and corporate defendant had any interest which was in the possession of the plaintiff in the federal case. Subsequently, in another state court action, the court appointed a temporary receiver of the local assets for the corporate defendant. Then, the attorney for the individual and corporate defendants advised the company that posted the bond that any payment to the temporary receiver would be at the bonding company's peril, and that the bonding company would be held responsible to the individual and corporate defendant if those defendants were not able to obtain the amount of the judgment from the bonding company. Because there was a live dispute as to who was entitled to the judgment proceeds, the court ordered payment of the funds into the court.

Here, the Jagar Defendants did not post a bond or seek a stay of execution of the judgment pending appeal, so they are not entitled to have the distribution of the funds to Plaintiff stayed pending appeal - the result that the deposit of the funds in the Court would achieve. The Court has already affirmed the Plan Trustee's decision to disburse the Plan proceeds to Plaintiff. There is no need to deposit the funds in the Court to await the resolution of the appeal in this case, which could be lengthy. Therefore, in accordance with the Court's November 23, 2009 Order, the Court orders the Plan to pay the Plan proceeds to Plaintiff. The payment shall be made no later than March 19, 2010.

**IT IS SO ORDERED.**

Dated: March 10, 2010

ELIZABETH D. LAPORTE
United States Magistrate Judge

3